KAZEROUNI LAW GROUP, APC
Mohammad Kazerouni, Esq. (SBN 252835)
Abbas Kazerounian, Esq. (SBN 249203)
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (310) 883-3594
Facsimile:  (800) 520-5523

Attorney for Plaintiff
CRISTIAN CERVANTES

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN CERVANTES,<br><br>Plaintiffs,<br><br>v.<br><br>JANET NAPOLITANO, Secretary, States Department of Homeland Security (CBP and Border Protection), BILLY WHITFORD (CBP Port Director at Calexico);<br><br>Defendant | Case No.  12CV1045 JLS (JMA)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1)      This is an action for injunctive and declaratory relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Plaintiff requests a jury trial.

2)      The foregoing violations of Title VII are based on the unlawful treatment of Plaintiff by his employer, Customs and Border Protection ("CBP"), an agency under the auspices of the United States Department of Homeland Security ("DHS") and its employees. Plaintiff is suing in his individual capacity as a Mexican-American employee of the United States CBP and has been subjected to discrimination in the terms and conditions of his employment with CBP.

3)      As a result of the practices of the Defendant, Plaintiff has suffered systematic violation of his right to be free from discrimination on the basis of national origin (Mexican-American) and his right to be free from intimidation in the exercise of these rights.

//

**First Amended Complaint**                                                                                      PAGE 1 OF 6

## JURISDICTION AND VENUE

4) This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and §1343(a)(4).

5) Venue is appropriate in the Southern District of California under 42 U.S.C. §2000e et esq. in that unlawful employment practices were committed and the employment records relevant to such practices are maintained and administered in the Southern District of California.

6) Plaintiff, as outlined below, timely initiated his EEO complaint with the U.S. Department of Homeland Security, alleging discrimination based on national origin and age, on March 17, 2011. Pursuant to the Civil Rights Act of 1964 §717(c), as amended, 42 U.S.C. §2000e-16(c), jurisdiction for *de novo* review of Plaintiff's Title VII action exists.

## PARTIES

7) Plaintiff Cristian Cervantes ("Plaintiff") is a Mexican-American male twenty-two years of age and a resident of El Centro, California. He was employed by CBP as a CBP Officer (GS-1895-07) in Calexico at the Port of Entry located in Imperial County.

8) Defendant Janet Napolitano, ("Napolitano") is the Secretary of Department of Homeland Security. Napolitano is sued in her official capacity. CBP is a federal agency under the auspices of Homeland Security. CBP and Homeland Security are responsible for the career development, advancement, training, and supervision of CBP employees within Homeland Security. The unlawful conduct alleged in this complaint occurred at the CBP duty station of Plaintiff in Calexico, CA, and the San Diego Field Office, Office of Field Operations, San Diego, CA.

## FIRST CLAIM FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (Against All Defendants)

9) On January 12, 2011, Carmen Leal (hereinafter "Leal"), Chief at CBP and Carlos Silva (hereinafter "Silva"), Assistant Port Director at Calexico, informed Plaintiff that he was not going to be converted to a tenured position. Silva told Plaintiff "you are too young". Decisions to terminate at Calexico are under the purview and singular authority of Billy Whitford

**First Amended Complaint** PAGE 2 OF 6

(hereinafter "Whitford"), Port Director at Calexico.  On January 13, 2011, Plaintiff contacted Union President Jose Bustamante (hereinafter "Bustamante") and told him what happened.  Bustamante later told Plaintiff this was happening because Plaintiff had been written up, something Plaintiff knew was untrue since he had never been counseled or given a letter of reprimand or even told he was the subject of a negative work issue.  Plaintiff told Bustamante, management's explanation was untrue and that he believed he was the victim of discrimination and retaliation for complaining about a supervisor's misconduct.

10) On January 18, 2011, Whitford, a white male, told Plaintiff the decision was made to terminate and nothing would change his mind and that Plaintiff should resign in lieu of termination.  Whitford told Plaintiff "you are young and Hispanic.  You could easily get another job anywhere else if you resigned."  When Plaintiff refused to resign Whitford told Plaintiff he would be terminated effective January 19, 2011.

11) Immediately subsequent to his termination on January 19, 2011, Plaintiff contacted his Union and met with Bustamante, notifying him of this development.  Plaintiff then designated Mr. Bustamante to be his representative in the initial counseling stage.  Mr. Bustamante accepted this representation on behalf of the Plaintiff and within 45 days of the complained of action called the EEO office to obtain an EEO counselor for the Plaintiff.  According to EEO regulations, the act of requesting a counselor initiates the EEO process.

12) On May 16, 2011, the Counselor Report of Dawn Balanky-Dawson was issued and notification was given of the need to file a formal complaint within 15 days.  See Exhibit 1.

13) On May 26, 2011, Plaintiff filed a formal complaint with CBP through its Oakland, California office.  See Exhibit 2.

14) On June 3, 2011, CBP acknowledged receipt of the complaint and notified Plaintiff that if the complaint is accepted for processing and investigation of the complaint will be completed within 180 days.   See Exhibit 3.

15) On the same date, June 3, 2011, CBP notified Plaintiff that the complaint "may not be timely" as the "complainants initial counselor contact was more than 45 days after the alleged discriminatory act…" The letter went on to request of Plaintiff that he, "please

**First Amended Complaint**                                                                                                         PAGE 3 OF 6

thoroughly explain why he did not, or was unable to, initiate counseling in a timely manner". See Exhibit 4.

16) Plaintiff was given 15 days to respond.

17) On June 15, 2011 Plaintiff responded and explained that he had initiated contact immediately after termination through the Union President Bustamante. Plaintiff further explained that Bustamante assured him on multiple occasions that everything was being done and that the matter was being taken care of, including the filing of an EEO complaint.

18) Unbeknownst to Plaintiff at the time, after Bustamante had in fact contacted the EEO office of CBP, Bustamante then contacted CBP management to discuss Plaintiff's situation. Bustamante agreed not to continue to pursue Plaintiff's EEO complaint because management did not wish for the complaint to affect its internal statistic regarding job related discrimination. As a result, Bustamante did not follow up his phone call to the EEO office and obtain a counselor within the 45-day period.

19) After repeated attempts to contact Bustamante, Plaintiff became concerned and hired the services of an attorney who immediately initiated contact with the EEO counselor after discovering that Bustamante had not done anything in this regard.

20) Plaintiff's EEO complaint was a mere twelve (12) days beyond the 45 days period for filing an EEO complaint.

21) Although the 45-day period requires initiation within 45 days, it carries several exceptions to the rule, which Plaintiff qualifies for. Thus, Plaintiff's EEO complaint was timely.

22) On June 15, 2011, DHS dismissed Plaintiff's complaint for failure to timely initiate EEO contact. In the decision, Defendants erroneously states "Complainant did not initiate contact with an EEO counselor until March 29, 2011 – 22 days beyond the 45 day deadline." In fact, contact was initiated on March 17, 2011, as per page 1, Exhibit 1.

23) On January 23, 2012, the Office of Federal Operations ("OFO") of the US Equal Employment Opportunity commission affirmed Defendants final decision dismissing Plaintiff's complaint. See Exhibit 5.

//

**First Amended Complaint**  PAGE 4 OF 6

24) The OFO decision gives the Plaintiff 90 calendar days from the date of receipt of the decision to file within Federal District Court a de novo action.

25) Per OFO instructions, a presumption exists for timeliness purposes that the decision was received on five (5) days after the decision was mailed, which would be January 28, 2012, thus this action is timely, since 90 days of January 28, 2012, is April 27, 2012.

26) Defendants' employees discriminated against Plaintiff because of Plaintiff's national origin (Mexican-American).

27) Defendants failed to properly and adequately supervise, manage, educate and train Whitford, and as a matter of policy, allowed Whitford to act with reckless disregard for Plaintiff's rights.

28) As a direct consequence of the actions and inactions of Defendants and their employees, Plaintiff has been subjected to severe and pervasive discrimination based on national origin. Defendants authorized, condoned, ignored, and otherwise ratified the unlawful conduct. Defendant has allowed Plaintiff to suffer discrimination.

29) The aforementioned acts of the Defendants constitute unlawful discrimination against Plaintiff because of his national origin.

30) As a result, Plaintiff has suffered grievous harm including, but not limited to, substantial loss of income and professional status, humiliation, and pain and suffering.

**PRAYER FOR RELIEF**

31) **WHEREFORE**, the Plaintiff respectfully requests this court:

a) To enter judgment in favor of the Plaintiff against Defendants, finding the acts of the Defendants complained of herein as violations of Title VII.

b) To enter judgment in favor of Plaintiff against Defendants for discriminating against Plaintiff, and to order Defendants to reinstate Plaintiff to his previous position with consideration for any upgrades that would have been given during the subject time.

c) To issue an injunction directing the reinstatement of Plaintiff to his previous position with consideration for any upgrades that would have been given during the subject time,

and directing Defendants to treat Plaintiff on an equal basis with all employees, irrespective of his national origin and permitting Plaintiff to be free from discrimination.

d) To enter judgment in favor of Plaintiff against Defendants for compensatory damages based upon the Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

e) To enter judgment in favor of the Plaintiff against Defendants for all attorneys' fees and costs incurred herein.

f) To enter judgment in favor of Plaintiff against Defendants for back pay.

g) To enter judgment in favor of Plaintiff against Defendants for front pay.

h) To grant all other such relief as the law and justice may require and as may be appropriate.

## JURY TRIAL DEMANDED

Pursuant to F.R.C.P. 38, Plaintiff demands trial by jury on all claims and counts so friable by right.

DATED: February 21, 13

       /s/ S.M. Kazerouni
       Mohammad Kazerouni, Esq
       Attorney for Plaintiff

**First Amended Complaint**  PAGE 6 OF 6

# Proof of Service

I hereby declare that one copy of the foregoing FIRST AMENDED COMPLAINT and was served pursuant to the District Court's ECF system on February 21, 13, to the following ECF filer(s):

LAURA E. DUFFY
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7387
Tim.Stutler@usdoj.gov
Attorneys for Defendant

KAZEROUNI LAW GROUP, APC

By  /s/ S.M. Kazerouni
    Mohammad Kazerouni, Esq.
    Attorney for Plaintiffs