UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN CERVANTES,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO, in her official capacity as Secretary of the Department of Homeland Security,<br><br>　　　　　　　　Defendant. | Case No.: 12-cv-01045 JLS (JMA)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 37) |

Presently before the Court is Defendant's Motion to Dismiss Second Amended Complaint or, in the Alternative, for Summary Judgment ("MTD") (ECF No. 37), Plaintiff's Response in Opposition re Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment ("Opp'n") (ECF No. 39), and Defendant's Response in Support re Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment ("Reply") (ECF No. 39). On July 12, 2016 the Court vacated the hearing set for Defendant's MTD and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (Order Vacating Hr'g 1, ECF No. 42.) Having considered the parties' arguments and the law, the Court **DENIES** Defendant's MTD.

/ / /

# BACKGROUND

Plaintiff is a Mexican-American male who worked at U.S. Customs and Border Protection ("CBP"). (Second Am. Compl. for Damages and Injunctive Relief ("SAC") ¶ 7, ECF No. 11.) On January 12, 2011 several employees senior to Plaintiff informed him that he would not be awarded a tenured position. (*Id.* ¶ 9.) One employee told Plaintiff that he was "too young." (*Id.*) The next day, Plaintiff contacted Union President Jose Bustamante, told him what happened, and was told by Mr. Bustamante the reason for the non-award of tenure was due to Plaintiff having been "written up . . . ." (*Id.*) Plaintiff told Mr. Bustamante this "was untrue" because "he had never been counseled or given a letter of reprimand or even told he was the subject of a negative work issue," and that he instead "believed he was the victim of discrimination and retaliation for complaining about a supervisor's misconduct." (*Id.*)

Approximately one week later Plaintiff was terminated by CBP. (*Id.* ¶ 10.) Plaintiff alleges that his termination violated Title VII of the Civil Rights Act of 1964 ("Title VII") because CBP discriminated against him on the basis of his ethnicity. (*Id.* ¶¶ 9–10, 26 (noting CBP agent who terminated Plaintiff said "you are young and Hispanic. You could easily get another job anywhere else if you resigned").)

After his termination, Plaintiff met with Mr. Bustamante. (*Id.* ¶ 11.) Plaintiff alleges that he designated Bustamante to serve as his representative for purposes of filing an Equal Employment Opportunity ("EEO") complaint. (*Id.*) Bustamante allegedly accepted this representation and called the EEO office "within 45 days of the complained of action . . . to obtain an EEO counselor" for Plaintiff and to explain Plaintiff's allegations of discrimination. (*Id.*) Plaintiff further alleges on information and belief that Mr. Bustamante "specifically requested that EEO begin the informal counseling of Plaintiff's claim and was informed that the counselor would be contacting him shortly to obtain a factual statement from Plaintiff . . . ." (*Id.* ¶ 12.) Accordingly, Mr. Bustamante notified Plaintiff that he did not need to do anything else because the Union was taking care of the matter for him. (*Id.* ¶ 13.)

On May 26, 2011 Plaintiff filed a formal EEO complaint with CBP through its Oakland, California office. (*Id.* ¶ 15.) On June 3, 2011, CBP informed Plaintiff that his complaint "may not be timely" because he had waited more than forty-five days to contact an EEO counselor after the alleged discriminatory act. (*Id.* ¶ 17.) The agency required Plaintiff to submit an explanation as to why he was unable to initiate counseling in a timely manner. (*Id.*)

Plaintiff responded on June 15, 2011, explaining that he had contacted Mr. Bustamante immediately after the termination took effect and that Mr. Bustamante had assured him that the matter was being addressed and that an EEO complaint was being filed on his behalf. (*Id.* ¶ 19.) He further explained that, after several unsuccessful attempts to follow up with Bustamante, he retained counsel, who immediately initiated counselor contact on March 17, 2011. (*Id.* ¶ 18.) Plaintiff further alleges that Mr. Bustamante had contacted the EEO office, then subsequently contacted CBP management to discuss Plaintiff's claims, but ultimately agreed not to pursue any further action on behalf of Plaintiff because CBP "management did not wish for the complaint to affect its internal statistic regarding job related discrimination." (*Id.* ¶ 20.) Plaintiff alleges he did not know this information "at the time," and therefore did not communicate it to the EEO at that time. (*Id.*)

On June 15, 2011, CBP dismissed Plaintiff's complaint for failure to initiate EEO counselor contact within the forty-five-day deadline. (*Id.* ¶ 24.) On January 23, 2012, the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations affirmed CBP's final decision dismissing Plaintiff's complaint. (*Id.* ¶ 25.)

Plaintiff subsequently filed suit in this Court on April 27, 2012, alleging employment discrimination under Title VII, the Age Discrimination in Employment Act (ADEA), and the Fifth Amendment. (Compl., ECF No. 1.) On February 7, 2013 the Court dismissed Plaintiff's ADEA and Fifth Amendment claims with prejudice and dismissed his Title VII claim without prejudice for failure to exhaust administrative remedies. (Order Granting Mot. to Dismiss Compl., ECF No. 10.) On February 21, 2013 Plaintiff filed his First

Amended Complaint, (First Am. Compl., ECF No. 11), Defendant once again moved to dismiss, (Mot. to Dismiss for Failure to State a Claim or, in the Alternative, Mot. for Summ. J., ECF No. 13), and the Court again granted without prejudice the Motion to Dismiss, (Order Granting Mot. to Dismiss, ECF No. 21).

On March 16, 2016 Plaintiff filed his SAC. (ECF No. 26.) Defendant filed the instant Motion. (ECF No. 37.) Because Defendant filed her motion as either a 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment, the Court first addresses which standard to use in reviewing the motion.

## WHETHER TO APPLY 12(b)(6) OR RULE 56

As with her last motion, Defendant again moves to dismiss pursuant to Federal Rule of Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. "Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with these motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). In the present case, there is no indication that Plaintiff was on notice that the Court would look beyond the pleadings. Indeed, Plaintiff's complaint alleges only facts within the personal knowledge of Plaintiff, relevant sections of the Code of Federal Regulations and agency guidelines, and quotes from of the underlying agency decisions in this case. Accordingly, the Court declines to exercise its discretion to turn this motion into one for summary judgment under Rule 56.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual

allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**INCORPORATION BY REFERENCE**

Defendant has attached two exhibits to her motion: (1) prior written contact between Plaintiff and the EEO office and (2) a declaration of a CBP officer refuting many of Plaintiff's allegations.  (MTD Exs. 1, 2.)  A district court may, but is not required, to incorporate documents by reference on a 12(b)(6) motion to dismiss. *Davis*, 691 F.3d at 1160 (9th Cir. 2012).  "Specifically, courts may take into account 'documents whose

contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Davis*, 691 F.3d at 1160 (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration original)).

In the present case, Plaintiff, unsurprisingly, vigorously contests the veracity of and validity of the Court's considering the CBP officer's declaration. Given these protestations, and that Plaintiff in his pleadings relied on his own knowledge rather than the contents of the declaration, the Court declines to incorporate the exhibits by reference. Accordingly, because the Court does not accept, or rely upon, any of the extra-pleading material submitted by Defendant, the motion before the Court remains a 12(b)(6) motion to dismiss for failure to state a claim. *See Stein v. United Artists Corp.*, 691 F.2d 885, 889 (9th Cir. 1982).

## ANALYSIS

Defendant moves to dismiss the SAC on the ground that Plaintiff has failed to allege facts plausibly establishing that he properly exhausted administrative remedies by contacting an EEO counselor within the forty-five-day deadline established by 29 C.F.R. § 1614.105(a)(1). Both Plaintiff's original complaint and second amended complaint were dismissed on this basis; Defendant again maintains that Plaintiff has failed to cure the deficiencies previously identified by the Court.

A Title VII plaintiff suing the federal government must exhaust administrative remedies by consulting an EEO counselor prior to filing a civil complaint. *See* 29 C.F.R. § 1614.105(a). A plaintiff "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* at § 1614.105(a)(1). A plaintiff satisfies section 1614.105(a)(1) if he "initiates contact with any agency official logically connected with the EEO process . . . and . . . exhibits an intent to begin the EEO process." *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1044 (9th Cir. 2009) (citations omitted).

///

Defendant argues that it is clear from Plaintiff's SAC that he failed to comply with the requirement to initiate contact with a Counselor within forty-five days.  (MTD 6–7.) Even though Plaintiff has added allegations that did not appear in his last complaint—here, specifically that he "is informed and believes" Mr. Bustamante contacted the EEO office on his behalf within forty-five days—Defendant argues these are contradicted by Plaintiffs other allegations such that it is clear that no one contacted the EEOC within the forty-five day time period.  With hesitation, the Court disagrees with Defendant and concludes that Plaintiff has plausibly alleged EEOC contact within the forty-five-day period.

Specifically, the Defendant argues that the following allegations render Plaintiff's new allegations of Bustamante's actual contact with the EEO office meaningless:

- Plaintiff states that he hired an attorney who initiated contact with the EEO counselor "after discovering that Bustamante had not done anything in this regard." SAC at 4:23–25.
- "Plaintiff [sic] EEO complaint was a mere twelve (12) days beyond the 45 days (sic) period for filing an EEO complaint". [sic] *Id.* at 4:26–27.
- "In fact, contact was initiated on March 17, 2011." *Id.* at 5:6[.]

(Opp'n 7 (second sic in original).)  However, Defendant removes important surrounding context from these particular quotations in the SAC.  The missing portions of the SAC that correspond to Defendant's quotations are underlined below and presented in the same order as above.

- ["<u>As a result, Bustamante did not follow up his phone call to the EEO office and obtain a counselor within the 45-day period.</u> 21) <u>After repeated attempts to contact Bustamante, Plaintiff became concerned and hired the services of an attorney who immediately initiated contact with the EEO counselor</u>" (SAC 4:20–23)] "after discovering that Bustamante had not done anything in this regard." SAC at 4:23–25.
- "Plaintiff [sic] EEO complaint was a mere twelve (12) days beyond the 45 days (sic) period for filing an EEO complaint". [sic] *Id.* at 4:26–27.
- ["<u>In the decision, Defendants erroneously states [sic] 'Complainant did not initiate contact with an EEO counselor until March 29, 2011—22 days beyond the 45 day deadline.</u>" (SAC 5:3–6.)] "In fact, contact was initiated on March 17, 2011." *Id.* at 5:6[.]

(*Compare* Opp'n 7 (second sic original), *with* SAC ¶¶ 20–22, 24.) With context supplied, it becomes clear that although Plaintiff admits he did not through his attorney or by himself initiate contact with the EEO office by the forty-five-day deadline, he nonetheless alleges that "Mr. Bustamante . . . within 45 days of the complained of action called the EEO office to obtain an EEO counselor for the Plaintiff, explained Plaintiff's problem regarding loss of his job due to discriminatory animus, and expressed to the EEO counselor a desire to have Plaintiff's claim investigated pursuant to EEO Rules & Procedures." (SAC ¶ 11.) Furthermore, this was <u>not</u> a deficiency the Court identified in its prior Order; the Court's concern was instead that Plaintiff had not shown any intent on the part of Mr. Bustamante to begin the EEO process, (Order Granting Mot. to Dismiss 6, ECF No. 21), a concern that Plaintiff has now remedied, (*see* SAC ¶ 11).

Because the Court concludes that Plaintiff has now sufficiently alleged timely contact with the EEO office through Mr. Bustamante, and because the remainder of Defendant's arguments focus on the propriety of finding that Plaintiff "was entitled to the extension [of the forty-five-day deadline] provided by section 1614.105(a)(2) of the EEOC's regulations," (Opp'n 7), the Court need not address Defendant's remaining arguments.

## CONCLUSION

Plaintiff has adequately and accurately remedied the exact problem identified by the Court in its prior motions to dismiss with the additional allegations regarding what Mr. Bustamante specifically said to the EEO office regarding Plaintiff's claims. (SAC ¶ 11.) Taking these allegations as true, as the Court must on a motion to dismiss, Defendant's MTD as presented must therefore fail. Accordingly, the Court **DENIES** Defendant's MTD.

**IT IS SO ORDERED.**

Dated: January 3, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge